**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge William J. Martínez**

Criminal Case No. 25-cr-278-WJM

UNITED STATES OF AMERICA,

Plaintiff,

v.

1. ANTHONY GENE MIRANDA,

Defendant.

---

## ORDER DENYING MOTION TO DISMISS

---

Before the Court is Defendant Anthony Gene Miranda's Motion to Dismiss for Violation of Second Amendment Right to Bear Arms ("Motion"). (ECF No. 45.) The Government responded. (ECF No. 50.)

For the reasons set forth below, the Motion is denied.

## I. ANALYSIS

In September 2025, a federal grand jury returned an indictment charging Miranda with one count of knowing possession of a firearm after having previously been convicted of a felony in violation of 18 U.S.C. § 922(g)(1) (Count 1). (ECF No. 12.) The Court presumes the parties' familiarity with the factual background of this weapons possession charge against Miranda from its Order Granting in Part and Denying in Part Evidence and Statements. (ECF No. 60.) It thus proceeds directly to the merits of the Motion.

Miranda moves to dismiss the charge against him on the grounds that "[p]rosecuting Mr. Miranda pursuant to section 922(g)(1), violates his *Second Amendment Right to Bear Arms*, as applied to his particular life circumstances." (ECF No. 45 at ¶ 3 (emphasis in original).) Miranda argues the U.S. Supreme Court established a framework for evaluating laws like 18 U.S.C. § 922(g)(1) in *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022) and *United States v. Rahimi*, 602 U.S. 680 (2024) and that the U.S. Court of Appeals for the Tenth Circuit adopted that framework in *United States v. Harrison*, 153 F.4th 998 (10th Cir. 2025). He argues that, under that framework, Count 1 "violat[es] his right to bear arms pursuant to the *Second Amendment* to the United States Constitution." (ECF No. 45 at 3 (emphasis in original).)

But, as the Government notes, current Tenth Circuit precedent forecloses Miranda's Second Amendment challenge to § 922(g)(1). (*See* ECF No. 50 at 1–2.) In *United States v. McCane,* the Tenth Circuit held that § 922(g)(1) does not violate the Second Amendment. 573 F.3d 1037, 1047 (10th Cir. 2009). In reaching this conclusion, the Circuit relied on the Supreme Court's statement in *District of Columbia v. Heller* that it was not "cast[ing] doubt on longstanding prohibitions on the possession of firearms by felons." *Id.* (quoting *District of Columbia v. Heller,* 554 U.S. 570, 626 (2008)).

Last year, the Tenth Circuit considered whether the Supreme Court's subsequent decision in *Rahimi* abrogated *McCane. Vincent v. Bondi,* 127 F.4th 1263, 1265 (10th Cir. 2025). It concluded that *Rahimi* did not "clearly abrogate the presumptive validity of § 922(g)(1)." *Id.* Thus, "*McCane* remains binding" on this Court. *Id.* at 1266.

In sum, Miranda's Second Amendment challenge to § 922(g)(1) is foreclosed under current Tenth Circuit precedent, and the Motion is accordingly denied.

## II. CONCLUSION

For the reasons set forth above, Defendant Anthony Gene Miranda's Motion to Dismiss for Violation of Second Amendment Right to Bear Arms (ECF No. 45) is DENIED. The Court will reset the Final Trial Preparation Conference and Jury Trial by way of separate Order.

Dated this 24th day of August, 2026.

BY THE COURT:

______________________
William J. Martínez
Senior United States District Judge